**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Advanced Siding and
Window Co., Inc., et al.

     v.                                  Civil No. 10-cv-117-LM

James Kenton

**O R D E R**

Before the court are plaintiffs' motions to amend the complaint and to reconsider Magistrate Judge Muirhead's May 3, 2010, order denying plaintiffs' motion to remand the case to state court (document nos. 14 & 18).  For the reasons that follow, I grant both motions, as well as the related procedural motions (document nos. 23 and 24).

Plaintiffs, Advanced Siding and Window Co., Inc., and Advanced Metal Roofing, LLC, are two New Hampshire companies in the business of home improvement (hereinafter referred to collectively as "Advanced Siding").  Defendant James Kenton is a North Carolina resident and principal of Advanced Metal Corp. (hereinafter "Advanced Metal"), a company also involved in the business of home improvement.

This case began in state court when Advanced Metal filed a trademark action in Rockingham County Superior Court against Advanced Siding (Docket #09-E-0503) (this lawsuit is hereinafter referred to as "First Lawsuit").  Although Advanced Siding filed

counterclaims against Advanced Metal, and described therein Mr. Kenton's alleged personal involvement as the principal of Advanced Metal, Mr. Kenton was not a party to the First Lawsuit.

At a structuring conference in state court, counsel for Advanced Siding informed Superior Court Judge Tina Nadeau that Advanced Siding intended to join Mr. Kenton as a third party defendant to the First Lawsuit.  Judge Nadeau instructed counsel for Advanced Siding that a separate action against Mr. Kenton would be required.  Advanced Siding now contends that it intended to file the separate action against Mr. Kenton and then seek to consolidate the two actions before Judge Nadeau.

Accordingly, on or about February 11, 2010, Advanced Siding filed a lawsuit (document no. 1-1) against Mr. Kenton in Rockingham County Superior Court in the form of a petition for injunctive and other relief (this lawsuit is hereinafter referred to as "Second Lawsuit").  The Second Lawsuit contained six counts, including a cause of action under section 43(a) of the Lanham Act.  15 U.S.C.A. § 1125(a)(1)(A).  Advanced Siding then filed a motion to consolidate the two lawsuits.

On March 24, 2010, Mr. Kenton filed a timely and proper notice of removal (document no. 1) with respect to the Second Lawsuit.  In the notice, Mr. Kenton asserted the grounds for removal as both diversity and federal question, due to the Lanham

2

Act claim.

On March 30, 2010, Advanced Siding filed a motion to remand (document no. 15) the Second Lawsuit to state court, arguing that the Second Lawsuit was related, indeed supplemental, to the First Lawsuit, which Mr. Kenton's company originally filed in state court.  By order dated May 3, 2010, Magistrate Judge Muirhead denied Advanced Siding's motion to remand.

Advanced Siding now seeks both reconsideration of the denial of its motion to remand and leave to amend the complaint to: (a) remove the Lanham Act claim; (b) clarify that plaintiffs' claim for damages (as no amount was stated in the complaint) shall "not . . . exceed $75,000"; and (c) clarify plaintiffs' common law trade identity claims.  The purpose of Advanced Siding's motion to amend is to facilitate a remand of the Second Lawsuit to state court.  Mr. Kenton objects and asserts that the law prohibits a plaintiff from amending a complaint that is properly removed to federal court, in order to extinguish federal questions and/or reduce the ad damnum clause, and thereby divest the federal court of jurisdiction.

Mr. Kenton is correct that, in a case such as this, where a plaintiff files a motion to amend a complaint to remove the federal claims or reduce the ad damnum clause, the granting of such motion does not, as a matter of law, operate "to oust" a

federal court of jurisdiction.  See generally St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291-94 (1938).  However, once a case is properly removed, the federal court is thereafter invested with jurisdiction which empowers the court to exercise its discretion to remand a case such as this, where a plaintiff files a motion to amend in order to remove the federal basis for the jurisdiction.  Massachusetts v. V & M Mgmt., 929 F.2d 830, 834-35 (1st Cir. 1991).

Because of the existence of a pending and related lawsuit in state court, which lawsuit was brought in state court by Mr. Kenton's company, and which lawsuit spawned the Second Lawsuit, I exercise my discretion to grant both plaintiffs' motion to amend their complaint and plaintiffs' motion to reconsider the denial of their motion to remand.

Document Nos. 14, 18, 23 & 24 are hereby granted.

Document No. 9 is denied as moot.

The case is remanded to the state court.  The clerk's office is directed to close the case.

_____
Landya B. McCafferty
United States Magistrate Judge

Date: July 6, 2010

cc:  Frank B. Mesmer, Jr., Esq.
     Jamie N. Hage, Esq.